STATE of Wisconsin,
Plaintiff-Appellant,

v.

Troy P. WESTPHAL,
Defendant-Respondent.

Court of Appeals

No. 2006AP1963. *Submitted on briefs April 12, 2007.*
*—Decided May 1, 2007.*

2007 WI App 154

(Also reported in 735 N.W.2d 601.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Leon D. Stenz*, district attorney, and *Michael A. Lutz*, Department of Natural Resources.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mary A. Harper*, Beaver Dam.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.[1]  The State of Wisconsin appeals a judgment dismissing a charge of fishing with an unattended line against Troy Westphal. The State contends Westphal's failure to check his tip-ups for over an hour while ice fishing fits within the statutory definition of fishing with an unattended line. We agree, reverse the judgment, and direct the court on remand to find Westphal guilty and assess the appropriate fine.

¶ 2.  The facts are brief and undisputed. Westphal owns a cabin on Lake Metonga in Forest County. Beginning the evening of December 11, 2005, Westphal and a friend ice fished through the night using tip-ups. Westphal testified he checked the tip-ups every half-hour from 6 p.m. through 1 a.m. and approximately every hour thereafter.

¶ 3.  At 5:45 a.m., a Department of Natural Resources warden noticed the tip-ups, and observed that two of the six tip-ups had flags up. When Westphal checked the tip-ups at 6 a.m., the warden cited him for fishing with an unattended line. Westphal told the warden he had last checked the tip-ups at approximately 4:45 a.m. Between 4:45 and 6 a.m., Westphal had been unloading wood behind his cabin out of sight of the tip-ups.

¶ 4.  The warden cited Westphal for a violation of Wis. Admin. Code § NR 20.06,[2] which prohibits fishing with an unattended line. The circuit court concluded

---

[1] This appeal was initially assigned to one judge pursuant to Wis. Stat. § 752.31(2)(a). The chief judge ordered that this case should be decided by a three-judge panel on April 27, 2007. *See* Wis. Stat. § 809.41(3). All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[2] All references to the Wisconsin Administrative Code are to the October 2005 version.

that checking the tip-ups every hour did not violate the law. The court found Westphal not guilty and dismissed the citation.

¶ 5.   WISCONSIN ADMIN. CODE § NR 20.06 provides, in relevant part:

> No person may do any of the following:
>
> . . . .
>
> (9) Fish with an unattended line except where specifically authorized . . . . Failure to immediately respond to a line upon indication of a bite shall be prima facie evidence that the line is unattended.

An "unattended line" means "a fishing line to which the person using the line is not actively directing his or her attention . . . ." WIS. ADMIN. CODE § NR 20.03(42).

¶ 6.   The application of an administrative regulation to undisputed facts is a question of law we review without deference to the circuit court. *Winters v. Winters*, 2005 WI App 94, ¶ 7, 281 Wis. 2d 798, 699 N.W.2d 229. When interpreting the regulation, we use the same methodology used to interpret statutes. *See State v. Busch*, 217 Wis. 2d 429, 441, 576 N.W.2d 904 (1998). We begin with the language of the regulation. See *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. That language is given its common, ordinary, and accepted meaning. *See id.* We interpret the language of the regulation in the context in which it is used, in relation to the language of surrounding or closely related statutes, and in a way that avoids absurd results. *See id.*, ¶ 46.

¶ 7.   The State argues Westphal left his tip-ups unattended during the hour-plus period when he was at

the cabin unloading wood. We agree. The State's argument is consistent with the code statement that "[f]ailure to immediately respond to a line upon indication of a bite" indicates the line is unattended. WIS. ADMIN. CODE § NR 20.06(9). It is also consistent with the definition of unattended line as a line toward which the fisherman is not "actively directing his or her attention." WIS. ADMIN. CODE § NR 20.03(42). Taken together, these sections evince a clear agency intention that an angler must be in a position to respond quickly when tip-up flags go up. Here, Westphal was not in a position to do so. His tip-up flags could potentially have been up for over an hour without him realizing it.

¶ 8. Westphal directs our attention to a dictionary definition of "actively" as "having practical operation or results: effective." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 22 (unabr. 1993). He argues his choice to check the tip-ups each hour was an "effective" way to monitor them in his experience as an angler. However, Westphal's proffered definition is only one of thirteen separate definitions found in WEBSTER'S, and is not consistent with the code statement that "[f]ailure to immediately respond to a line upon indication of a bite" indicates the line is unattended. WIS. ADMIN. CODE § NR 20.06(9). A more helpful definition here is that of "immediate": "occurring, acting, or accomplished without loss of time: made or done at once." WEBSTER'S, *supra,* at 1129.

¶ 9. Finally, Westphal argues the State's interpretation of WIS. ADMIN. CODE § NR 20.06(9) will cause absurd results because, taken to its logical extreme, it requires an angler to "be watching all of [his lines] simultaneously." He points out that because of the nature of ice fishing, watching all of the lines at all times is not "possible, practical, or of practice."

¶ 10. Westphal incorrectly characterizes the State's proposed interpretation of Wis. Admin. Code § NR 20.06(9). The State's interpretation leaves open the possibility that an angler may be out of sight of one or more tip-ups for some short period of time, as long as the angler is able to "immediately respond to a line upon indication of a bite." *See id.* The word "immediately," however, excludes a delay of over an hour. Whatever short period of delay may be allowed, Westphal exceeded it. On remand, the circuit court shall find Westphal guilty of violating § NR 20.06(9) and assess the appropriate fine.

*By the Court.*—Judgment reversed and cause remanded with directions.